## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOUTHERN TRACK AND PUMP, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 08-543-LPS |
| | : |
| TEREX CORP., d/b/a TEREX | : |
| CONSTRUCTION AMERICAS, | : |
| | : |
| Defendant. | : |

Peter J. Walsh, Jr., Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, DE.
Suzanne H. Holly, Esquire of Berger Harris, LLC, Wilmington, DE.

    Attorneys for Plaintiff.

Ericka F. Johnson, Esquire and Ryan C. Cicoski, Esquire of WOMBLE CARLYLE
SANDRIDGE & RICE PLLC, Wilmington, DE.

Cary E. Hiltgen, Esquire and Jeff C. Grotta, Esquire of HILTGEN & BREWER, P.C., Oklahoma
City, OK.

    Attorneys for Defendant.

## MEMORANDUM OPINION

September 30, 2013
Wilmington, Delaware.

**STARK, U.S. District Judge:**

## I.  INTRODUCTION

Currently pending before the Court is Defendant Terex Corporation's ("Terex" or

"Defendant") Motion to Preclude the Court's Unconstitutional Application of the Delaware

Equipment Dealer Contract Statute, 6 Del. C. § 2720 *et seq.* ("Dealer Statute"). (D.I. 309)

Plaintiff Southern Track and Pump, Inc. ("STP" or "Plaintiff") opposes the motion. (D.I. 313)

For the reasons stated below, the Court will deny the motion.

## II.  BACKGROUND

On June 30, 2011, Plaintiff moved for partial summary judgment on Counts I and II of its

Second Amended Complaint, seeking a finding that (i) the Dealer Statute applied to the parties'

Distribution Agreement and (ii) Defendant had violated the statute, entitling Plaintiff to

remedies, including damages and attorneys fees. (D.I. 204) On that same day, Defendant moved

for partial summary judgment on all remaining counts of Plaintiff's complaint (D.I. 189, 191, and

193) as well as Counts I, II, and III of Defendant's Second Amended Counterclaims (D.I. 195,

197, and 199).

On December 21, 2011, the Court heard oral argument on the summary judgment motions

and, on March 28, 2012, the Court issued an Order and Memorandum Opinion on these pending

motions. (D.I. 266 and 267) Among other things, the Court granted Plaintiff's motion for partial

summary judgment and granted Defendant's motion for partial summary judgment on Counts I

and II of Defendant's counterclaims. (D.I. 267)

On April 27, 2012, the parties filed a proposed schedule that would have culminated in a

three-to-five day jury trial on damages. (D.I. 272) Pursuant to the scheduling order (D.I. 275),

1

the parties filed the Proposed Final Pretrial Order ("PTO") on October 22, 2012 (D.I. 293). In the PTO, Plaintiff argued that the Court's summary judgment rulings established that Defendant was liable for failing to repurchase all inventory, as required by § 2723(a), and the only remaining issue was to calculate damages under § 2727(a) using the "current net cost" formula. (D.I. 293 at 20-22) For its part, Defendant, in the PTO, raised several new defenses to liability, including for the first time challenging the constitutionality of the application of the Dealer Statute. (D.I. 293 at 28-29)

On November 1, 2012, the Court held the pre-trial conference, and ruled that most of Defendant's new legal theories were untimely. (D.I. 308 at 70) The Court agreed with Plaintiff that because liability was already established, the only remaining issue was the calculation of damages under § 2727(a). (*Id.* at 71) With respect to Defendant's new constitutional challenge, the Court ordered full briefing. (*Id.* at 72-73) In light of these rulings, the Court directed the parties to meet and confer to determine whether trial was still necessary. (*Id.* at 76) On November 5, 2012, the parties jointly informed the Court a trial was no longer needed. (D.I. 303) The Court entered Final Judgment on November 16, 2012. (D.I. 306 and 307)

Thereafter, according to the Court's direction, Defendant filed the pending motion. In it, Defendant contends that it did not waive its constitutional challenge and that the Court's construction of the Dealer Statute constitutes an unconstitutional taking and violates due process under both the U.S. and Delaware Constitutions. (D.I. 309) Defendant's motion to preclude arises from the Court's summary judgment order, in which the Court held that "by its plain terms, § 2723(a) requires suppliers to repurchase 'all' remaining unsold inventory from the dealer within 90 days of termination of the contract agreement." (D.I. 266 at 14) The motion further

2

concerns rulings the Court made at the pre-trial hearing, including its ruling that once liability arises from a failure to repurchase, "the calculation of statutory damages is . . . governed by Section 2727(a)" (D.I. 308 at 71), which states, in relevant part, "If a supplier fails or refuses to repurchase any inventory covered under this subchapter within the time periods established, the supplier is civilly liable for 100 percent of the 'current net price' of the inventory," 6 Del. C. § 2727. The Court added, "STP does not have to prove any additional elements in this case in order to obtain statutory damages for the new and used inventory." (D.I. 308 at 71) Defendant contends that the Court's construction and application of § 2723 and § 2727 here is unconstitutional.

Briefing on Defendant's motion to preclude was completed on December 21, 2012. (D.I. 313, 315) The Court heard oral argument on June 18, 2013. (D.I. 320)

## III. DISCUSSION

### A. Waiver

As a threshold matter, the Court must decide whether Terex has waived its opportunity to challenge the constitutionality of the Dealer Statute as construed and applied in this case. Plaintiff argues Terex's constitutional challenge is untimely and should be deemed waived pursuant to Fed. R. Civ. P. 8(c)(1). (D.I. 313 at 18-20) Plaintiff adds that Defendant's decision to raise this challenge at the last minute has created "unfair surprise," prejudicing Plaintiff. (*Id.* at 20) Defendant responds that Rule 8(c)(1) does not impose the stringent requirement articulated by Plaintiff, and notes that Plaintiff fails to cite legal authority for its waiver argument. (D.I. 315 at 10)

The Court concludes that Terex has not waived its constitutional challenge. Rule 8(c)(1)

3

provides a list of affirmative defenses that must be raised in an answer, but it does not include a challenge to a statute's constitutionality. Plaintiff cites no binding authority for the proposition that a constitutional challenge to a statute is waived under Rule 8(c) if not pled as an affirmative defense in the answer.

The Court is also unconvinced that STP has been prejudiced. STP first claims prejudice because it did not have "the opportunity to probe the bases for this defense during discovery." (D.I. 313 at 20) However, Defendant's constitutional challenge does not present a factual question. Plaintiff also claims that it "made decisions concerning its strategy and the damages it was seeking based on Terex's apparent concession of liability" and now may be left without a remedy "at the eleventh hour." (*Id.*) As is evident from the remainder of this opinion, and the Court's denial of Terex's pending motion, Plaintiff has not been left without a remedy.

Accordingly, while it would have been preferable for Terex to have raised its constitutional challenge sooner, Terex did not waive this issue.

## B. Takings

Terex contends the Court's construction and application of the Dealer Statute constitutes an unconstitutional taking of Terex's property under (i) the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and (ii) Art. I Section 8 of the Delaware Constitution.[1] (D.I. 309 at 8) Specifically, Defendant argues the Court's construction and application of both § 2723 (D.I. 266 at 14) and § 2727 (D.I. 308 at 71) requires no proof of "actual loss" to recover statutory

---

[1]Defendant devotes a large portion of its briefing to attempting to reargue the issues already decided by the Court in its summary judgment order. The issues now before the Court, however, only involve whether the Court's construction and application of the statute is unconstitutional, not whether the Court erred in its construction at the summary judgment stage of the case.

4

damages and, therefore, renders the statute punitive (D.I. 309 at 9).

In support of its position, Defendant relies solely on a single Delaware Supreme Court decision, *Globe Liquor Co. v. Four Roses Distillers Co.*, 281 A.2d 19 (Del. 1971). Contrary to Terex's reading, *Globe Liquor* does not stand for the broad proposition that whenever statutory damages are imposed without proof of actual loss, such damages are punitive and, therefore, an unconstitutional taking. *Globe Liquor* involved a challenge to the Delaware Franchise Security Law ("FSL"), which provided that if a franchisor terminated – or even attempted to terminate – the relationship it formed with a distributor, and was unsuccessful in showing good cause or good faith, the distributor became entitled to obtain statutorily prescribed damages. *See id.* at 21. After the distributor, Globe Liquor, sued the franchisor, Four Roses Distillers, for attempting to terminate their franchise agreement, Four Roses Distillers argued that the FSL resulted in a taking, in violation of due process, because of the FSL's "requirement that damages be paid to wholesale distributors irrespective of the existence of any actual economic injury taking place as a result of franchise termination." *Id.* at 23. On the basis of how easily liability could be established under the statute, as well as how severe the mandatory statutory damages were, the Delaware Supreme Court held that the FSL's damages provisions were unconstitutional. *See id.* at 24.

*Globe Liquor* addresses only the FSL, and not statutory remedies in general. Its applicability to the Delaware Dealer Statute is limited. In any event, *Globe Liquor*'s analysis does not support a conclusion that the Dealer Statute is unconstitutional. First, the prescribed damages mandated by the FSL were "savagely punitive," requiring a franchisor to pay (i) the value of the distributor's assets attributable to the franchisor, (ii) the distributor's loss of

5

goodwill, (iii) the "loss of profits, presumed to be not less than five times the profit in the most recently completed fiscal year," (iv) all other damages allowed by law, and (v) attorney's fees. *Id.* at 20-21. By comparison, the Dealer Statute's damages provision, § 2727, as construed and applied here, requires the supplier, Terex, to pay 100% of the current net price of the inventory Terex refused to repurchase from its dealer, STP. Second, *Globe Liquor* emphasized that the low threshold for triggering the FSL's remedy provisions compounded the problem, observing that the FSL made it "mandatory that upon proof of a termination, or of a threat to terminate, the distributor shall recover the statutory damages." *Id.* at 24. In contrast, the Dealer Statute requires that the supplier actually "fail[] or refuse[]" to repurchase equipment within the statutory 90-day period – not merely *threaten* to fail or refuse to repurchase – in order to trigger its statutory damages. *See* 6 Del. C. § 2727(a) (imposing statutory damages only "if a supplier fails or refuses to repurchase any inventory covered under this subchapter within the time periods established"). Consequently, and unlike with the FSL, under the Dealer Statute a distributor cannot obtain statutory damages without showing actual loss.

Hence, the Court's construction and application of the Dealer Statute results in a prescribed damages provision that is harder to trigger, and less severe, than that contained in the FSL and struck down in *Globe Liquors*. In addition, because liability is only triggered under the Dealer Statute if a supplier "fails or refuses" to repurchase, § 2727(a) liability requires proof of some actual harm, again unlike the FSL. Therefore, *Globe Liquor*, the only authority relied on by Terex for its takings challenge, does not support a conclusion of unconstitutionality. Accordingly, the Court concludes that its construction and application of the Dealer Statute does not result in a taking.

6

## C.    Due Process

Defendant also argues that, as construed and applied here, the Dealer Statute violates due process under the U.S. and Delaware Constitutions. In particular, Terex contends that the Dealer Statute (i) fails "to provide adequate notice of the required conduct and resulting penalty" and further (ii) fails "to require culpable conduct before imposing a penalty." (D.I. 309 at 11) Additionally, in Terex's view, the Court's construction and application should not be applied retroactively because it is novel, not foreseeable, and at odds with the plain language of the statute. (*Id.* at 16)

Defendant's first argument, lack of adequate notice, is predicated on Terex's view that the Dealer Statute is void for vagueness. The Supreme Court has explained that "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926); *see also Crissman v. Delaware Harness Racing Comm'n*, 791 A.2d 745, 747 (Del. 2002) (stating that a statute which "imposes a standard of conduct for the breach of which an individual will be held responsible must define the conduct with sufficient particularity to enable [the person] to make his [or her] conduct conform") (alteration in original).

Here, the plain language of the Dealer Statute makes clear to a person of ordinary intelligence what constitutes a violation and does not leave such a person to guess at the statute's meaning. In particular, § 2723(a) plainly states that the supplier "shall repurchase from the dealer within 90 days after termination of the contract agreement ***all inventory*** previously purchased from the supplier that remains unsold on the date of termination of the agreement." 6

7

Del. C. § 2723(a) (emphasis added). Section 2727 then makes clear that "[i]f a supplier fails or refuses to repurchase *any inventory* covered under this subchapter within the time periods established, the supplier is civilly liable." *Id.* § 2727(a) (emphasis added). The word "inventory" is defined in § 2720 as "the tractors, implements, attachments, equipment and repair parts that the dealer purchased from the supplier." *Id.* § 2720(5). Finally, as Plaintiff points out, the statute enumerates specific exceptions to the broad requirement (including an exception for old[2] equipment) but nowhere is *used* equipment mentioned or exempted. It follows that a person of ordinary intelligence would know that failing to repurchase used equipment, under the circumstances prescribed here, constitutes a violation of the Dealer Statute.

Defendant next argues the statute fails to give adequate notice of its "severe penalty." (D.I. 309 at 14) Notwithstanding Terex's insistence on labeling the statutory penalty discussed above as "severe," the language of the statute plainly sets out the penalty. *Id.* § 2727(a) ("If a supplier fails or refuses to repurchase any inventory covered under this subchapter within the time periods established, the supplier is civilly liable for 100 percent of the 'current net price' of the inventory."); *id.* § 2720(3) (defining "current net price" as "the price listed in the supplier's price list in effect at the time the contract agreement is terminated, less any applicable discount allowed").

Defendant further argues that due process is violated because the Court's construction and application of the Dealer Statute "imposes severely punitive statutory damages on Terex without requiring that Terex have engaged in sufficiently reprehensible conduct to justify the

---

[2]*See* 6 Del. C. § 2724(6) ("Any tractors, implements, attachments or equipment that the dealer purchased from the supplier more than 36 months before date of the notice of termination.").

8

punishment." (D.I. 309 at 14)  Terex contends that under Delaware law, civil punitive awards –

statutory and non-statutory alike – can only be imposed after a close examination of whether a

defendant's conduct was "outrageous," exhibited "evil motive," or showed "reckless indifference

to the rights of others." (*Id.* at 15)  Terex asserts that the Delaware Legislature has required a

showing of "willful and wanton conduct" in all statutes expressly authorizing punitive awards.

(*Id.*)

      The Court disagrees.  The main authority Terex cites for these propositions is *Jardel Co.*

*v. Hughes*, 523 A.2d 518 (Del. 1987), which concerns non-statutory punitive damages awarded

by a jury in a tort action.  Here, the challenged provisions provide for statutory damages.[3]

Furthermore, in *Jardel*, the Delaware Supreme Court actually remarked on how certain Delaware

statutes imposing punitive damages do ***not*** require a showing of reprehensibility.  *See* 523 A.2d

at 529 ("*[A]part from* the application of punitive damage standards as a recovery threshold under

the automobile and premises guest statutes, the imposition of punitive damages has been

sanctioned only in situations where the defendant's conduct, though unintentional, has been

particularly reprehensible.") (emphasis added).

      Next, Defendant argues that when the U.S. Supreme Court reviews an award for being

grossly excessive in violation of due process, it looks at certain factors to determine whether

"reprehensible conduct" is present.  This argument is based on *BMW of N. Am., Inc. v. Gore*, 517

U.S. 559, 568 (1996), in which the Court held, "[o]nly when an award can fairly be categorized"

---

[3]As the Supreme Court has explained, "[t]he review of a jury's award for arbitrariness and the review of legislation surely are significantly different." *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 456 (1993); *see also Arrez v. Kelly Servs., Inc.*, 522 F. Supp. 2d 997, 1008 (N.D. Ill. 2007) ("Defendant relies on due process cases involving punitive damages . . . but those cases are not relevant to statutory penalties.").

as "grossly excessive" in relation to a state's legitimate interests in punishment and deterrence "does it enter the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment." In *Gore*, the Court articulated "[t]hree guideposts" for evaluating whether a damages award is grossly excessive: (i) "the degree of reprehensibility of the defendant's conduct," (ii) the ratio between the damages award and "the actual harm inflicted on the plaintiff," and (iii) the difference between the punitive damages award and "the civil or criminal penalties that could be imposed for comparable misconduct." *Id.* at 574-83.

Even assuming the *Gore* factors apply to statutory damages, *but see Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 513 (1st Cir. 2011), *cert. denied*, 132 S. Ct. 2431 (U.S. 2012) (noting that Supreme Court has not "suggested that the *Gore* guideposts should extend to constitutional review of statutory damage awards"), Terex has made no effort to apply those factors to the facts of this case. STP, however, does the analysis for Terex (at least for the first two *Gore* factors), and the Court concludes that: (i) several indicia of reprehensible conduct are present, such as "STP was in a financially vulnerable condition, Terex's violation involved repeated actions, and the harm inflicted on STP was not accidental;" (ii) the ratio between the damages award and the actual harm inflicted on STP is at most 4.3:1,[4] which comports with the limits of due process, *see Gore*, 517 U.S. at 582 ("$2 million in punitive damages awarded to Dr. Gore by the Alabama Supreme Court is 500 times the amount of his actual harm as determined by the jury."); *see also Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21 (1991) (holding damages award of not more than 10 to 1 was constitutional); and (iii) no reason is apparent on the record

---

[4]The Final Judgment Order fixed the damages for 100% of "current net price" at $4,349,041.55. (D.I. 307 at 2) The amount of actual harm STP suffered was at least $1,000,000. (*See* D.I. 266 at 4)

10

to support a conclusion that the statutory damages awarded here are excessive in comparison to civil or criminal penalties that could be imposed for comparable misconduct. (*See* D.I. 313 at 17-18) Consequently, the prescribed damages of the Dealer Statute are not unconstitutionally excessive.

Finally, Defendant argues the Court's construction and application should not be applied retroactively where it is novel, not foreseeable, or at odds with the plain language of the statute. (D.I. 309 at 16) (citing, e.g., *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001)) It follows from the reasons already stated that the Court is not persuaded by this line of attack either.

## IV. CONCLUSION

As Terex has failed to show that application of the Delaware Dealer Statute to the instant case in the manner previously ordered by the Court is unconstitutional, the Court will deny Terex's motion to preclude. (D.I. 309) An appropriate Order follows.

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SOUTHERN TRACK AND PUMP, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 08-543-LPS |
| | : |
| TEREX CORP., d/b/a TEREX | : |
| CONSTRUCTION AMERICAS, | : |
| | : |
| Defendant. | : |

## ORDER

At Wilmington, this **30th** day of **September 2013**,

For the reasons set forth in the Memorandum Opinion issued this date,

**IT IS HEREBY ORDERED** that:

Defendant's Motion to Preclude the Unconstitutional Application of the Delaware

Equipment Dealer Contracts Statute (D.I. 309) is **DENIED**.

UNITED STATES DISTRICT JUDGE