# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Southern Track and Pump, Inc., : | |
| Plaintiff : | |
| v. : | C.A. No. 08-543-LPS |
| Terex Corporation, d/b/a TEREX : CONSTRUCTION AMERICAS, : | |
| Defendant. : | |

## MEMORANDUM ORDER

Pending before the Court are Defendant Terex Corporation's ("Defendant") Motion for Approval of Supersedeas Bond and for Stay Pending Appeal (the "Motion") (D.I. 323) and Plaintiff Southern Track and Pump, Inc.'s ("Plaintiff") Response to the Motion and Request for Attorneys' Fees (D.I. 325).

## BACKGROUND

On October 29, 2013, Defendant Terex timely filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit (D.I. 322), challenging this Court's rulings in three Memorandum Orders. (D.I. 267, 307, 321) ("Orders") In conjunction with its appeal, Defendant sought to stay execution of the judgment pending appeal and approval of its posting of a supersedeas bond in the amount of $5,784,692.23, pursuant to Federal Rule of Civil Procedure 62(d). (D.I. 323)

The amount Defendant seeks to post as a bond does not include any amount for Plaintiffs' attorneys' fees and costs. For this reason, Plaintiff opposes Defendant's Motion, and in its opposition requested that the Court determine and award it reasonable attorneys' fees and costs,

1

and require this amount (plus an additional $150,000 Plaintiff estimated it would spend in connection with Defendant's appeal) to be added to Defendant's proposed bond amount. (D.I. 325 at 2) Plaintiff later modified its position, asking only that the Court at this time estimate (not actually determine) its fees and costs incurred in this Court (and not also what it would spend on appeal) and include this estimated amount in the required supersedeas bond. (*See* D.I. 327 Ex. A at 3-4)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 62(d) provides that an appellant may obtain a stay of monetary judgment pending appeal by posting a supersedeas bond. *See also* Fed. R. App. P. 8. "The purpose of a supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution." *VICI Racing, LLC v. T-Mobile USA, Inc.*, 921 F. Supp. 2d 317, 335 (D. Del. 2013), *vacated in part on other grounds*, 2014 WL 3930025 (3d Cir. Aug. 13, 2014).

Although Rule 62(d) does not specify the amount of a supersedeas bond the Court should require, courts have read the rule as requiring "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond." *Poplar Grove Planting & Ref. Co. v. Bache Hasley Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979); *see also Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount."); *Fed. Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 761 (D.C. Cir. 1980) ("Because the stay

operates for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such as where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon the ultimate disposition of the case and where posting adequate security is practicable.").

There is precedent for requiring a supersedeas bond to include an estimate of attorneys' fees. *See VICI Racing, LLC.*, 921 F. Supp. 2d at 335; *see also Evergreen Cmty. Power LLC v. Riggs Distler & Co., Inc.*, 2012 WL 2974891, *1-2 (E.D. Pa. July 19, 2012). There is also precedent for not including as-yet non-calculated attorneys' fees in the bond amount. *See Berberena-Garcia v. Aviles*, 258 F.R.D. 42, 43 (D.P.R. 2009).

## DISCUSSION

The Court will GRANT Defendant's Motion for Approval of Supersedeas Bond and for Stay Pending Appeal (D.I. 323) and DENY WITHOUT PREJUDICE Plaintiff's Request for Attorneys' Fees and Costs (D.I.. 325).

Consistent with Plaintiff's most recent position (with which Defendant agrees), the Court will defer quantifying Plaintiff's attorneys' fees and costs until after the pending appeal is concluded. (*See* D.I. 327 Ex. A at 4) Plaintiff may renew its request for a determination of its fees and costs following completion of the appeal.

Under the circumstances, the Court perceives no need to increase the supersedeas bond amount to include an estimate of Plaintiff's attorneys' fees and costs. It appears that Plaintiff will eventually seek on the order of $750,000 to $1,000,000 in fees and costs. (*See* D.I. 327-1 at 2) (stating Plaintiff's attorneys' fees as of November 2013 were $797,716.52) Defendant is

3

proposing to post a bond in an amount in excess of $5,750,000, and the Court will be ordering Defendant to do so. (D.I. 323) At worst, the bond amount being posted is more than 85% of the amount Plaintiff believes it can recover (i.e., $5,750,000÷$6,750,000=.852). There is nothing in the record to support a conclusion that failing to require Defendant to post a bond for the remaining 15% threatens to deprive Plaintiff of its victory even if this Court's judgment is affirmed on appeal. The record reveals no basis to conclude that Defendant will be unable or unwilling to pay the full amount sought by Plaintiff, if the ultimate disposition of the case is consistent with this Court's judgment.[1]

The nature of the decisions that are the subject of the appeal provides an additional reason for the Court's determination regarding the bond amount. This case had a lengthy and complex passage through this Court. (*See generally* D.I. 327 Ex. A at 3 n.5) (Plaintiff noting "length and complexity of this matter")[2] Ultimately, the Court was required to render decisions of law on matters of first impression about a Delaware statute and its constitutionality. Complicated damages issues were also presented. Plaintiff's entitlement to attorneys' fees, and the reasonableness of the amount of fees Plaintiff seeks to recover, are disputed by Defendant. Unless Plaintiff prevails on all aspects of Defendant's appeal, the amount of Plaintiff's damages will almost certainly be affected, as may be Plaintiff's right to recover attorneys' fees. Additionally, if the matter is remanded for further proceedings, additional attorneys' fees will be incurred. These realities further persuade the Court that the proper exercise of its discretion is to

---

[1] It is undisputed that Defendant is a large corporation. (*See, e.g.*, D.I. 326 at 4)

[2] Even Plaintiff's "Abbreviated Procedural History" runs to more than four pages of briefing. (D.I. 325 at 3-7)

require Defendant to post a supersedeas bond only in the amount of the judgment entered in favor of Plaintiff.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's Motion for Approval of Supersedeas Bond and for Stay Pending Appeal to the Court of Appeals for the Third Circuit (D.I. 323) is GRANTED.

2. Defendant's Supersedeas Bond in the amount of $5,784,692.23 is APPROVED.

3. Any and all actions and proceedings to execute on the Court's orders of March 28, 2012 (D.I. 267), November 16, 2012 (D.I. 307), and September 30, 2013 (D.I. 323), are STAYED pending final resolution of Defendant's pending appeal.

4. Plaintiff's Request for Attorneys' Fees (D.I. 325) is DENIED WITHOUT PREJUDICE to renew upon completion of the pending appeal process.

September 29, 2014
Wilmington, Delaware

_____
UNITED STATES DISTRICT JUDGE