# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOUTHERN TRACK AND PUMP, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-543-LPS |
| TEREX CORP., d/b/a TEREX CONSTRUCTION AMERICAS, | : |
| Defendant. | : |

Peter J. Walsh, Jr., POTTER ANDERSON & CORROON LLP, Wilmington, DE.
Suzanne H. Holly, BERGER HARRIS LLP, Wilmington, DE.

    Attorneys for Plaintiff.

John C. Phillips, Jr. and David A. Bilson, PHILLIPS, GOLDMAN & SPENCE, P.A., Wilmington, DE.

    Attorneys for Defendant.

## MEMORANDUM OPINION

October 16, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

This case involves a dispute between Plaintiff Southern Track and Pump, Inc. ("STP") and Terex Corp. ("Terex"). The parties entered into a contract in April 2007. (D.I. 190 at 3) Under the contract, STP agreed to purchase and distribute Terex's equipment. (*Id.*) Pursuant to this contract, STP purchased approximately $4 million of parts and equipment from Terex. (D.I. 205 at 8) In May 2008, STP sent a letter to Terex terminating the parties' distribution agreement and notifying Terex of its intent to return to Terex all remaining inventory. (D.I. 206, Ex. K) Terex denied an obligation to repurchase its inventory from STP. (*Id.*, Ex. M)

On July 23, 2008, STP filed suit against Terex, alleging that Terex violated the Delaware Dealer Statute, 6 Del. C. §§ 2720 *et seq.* ("Dealer Statute"). The parties disagreed as to whether the Dealer Statute required Terex to repurchase all of the equipment it had sold to STP, or only the equipment that was "new, unused, and undamaged."

On March 28, 2012, this Court concluded that the Dealer Statute required Terex to repurchase all of the equipment, and that Terex violated the statute by refusing to repurchase all of the equipment. (D.I. 267 at 12-15) The Court entered summary judgment for STP. (D.I. 267)

Terex appealed to the Third Circuit Court of Appeals. On December 18, 2014, following briefing and oral argument, the Third Circuit certified the issue to the Delaware Supreme Court. (D.I. 334) Specifically, the Third Circuit inquired of the Delaware Supreme Court: "Does a supplier's repurchase obligation under § 2723(a) of the Dealer Statute extend to used inventory or is it limited to 'new, unused, undamaged, and complete inventory' under § 2723(b)?" (*Id.*) "As the Third Circuit acknowledged, '§ 2723(a) can be read in one of two ways, each of which has its problems.'" (D.I. 334-2 at 7) (quoting 3d Cir. Certification Order, C.A. No. 13-4279, at *8 (3d Cir. Dec. 18, 2014))

1

On June 15, 2015, the Delaware Supreme Court issued an opinion on the certified question, holding that a supplier's obligation under the Dealer Statute is limited to new, unused, undamaged, and complete inventory. (*Id.*) On June 30, 2015, the Third Circuit adopted the conclusion of the Delaware Supreme Court and remanded the case to this Court, providing:

> For the reasons set forth by the Delaware Supreme Court, we hereby reverse the decision of the District Court and remand for proceedings consistent with the view of the Delaware Supreme Court that the repurchase obligation under § 2723(a) of the Dealer Statute extends only to "new, unused, undamaged, and complete inventory."

*Id.*

On July 28, 2015, the Court ordered the parties to provide a joint status report. (D.I. 335) They did so on September 4, 2015. (D.I. 345) Given the parties' vastly different interpretations of the proper scope of the proceedings that should be held on remand, the Court ordered the parties to submit briefing on their competing proposals. (D.I. 346)

In its briefing, STP argues that the Third Circuit reversed the Court only with respect to a single issue of law and that, as a result, the Court does not need to "revisit its determination that Terex was liable for its refusal to repurchase 'new' inventory." (D.I. 348 at 9) STP contends that the Court should conduct fact finding only to the extent necessary to determine an appropriate amount of damages. (*Id.* at 11) Terex, however, argues that the Third Circuit's mandate should be construed broadly. Under Terex's reading, the Third Circuit's decision "reversed this Court's judgment in its entirety" and, thus, reopens each of the issues decided in the Court's earlier order. (*See* D.I. 349 at 1) On October 9, 2015, the Court conducted a teleconference to further discuss the parties' disputes and proposals.

Having considered the Third Circuit's mandate, the Delaware Supreme Court's opinion,

2

the parties' briefing and statements during the teleconference as well as other materials submitted by them, and pertinent caselaw, the Court concludes that the letter and spirit of the Third Circuit's mandate is more consistent with Terex's position than with STP's.[1] The Court will essentially adopt Terex's proposal for how this case should now proceed. Although the Third Circuit's reversal was predicated on a single issue of law – the scope of Terex's repurchase obligations under the Dealer Statute – this Court's prior misinterpretation of the Dealer Statute necessarily impacted other issues this Court decided. As Terex contends, "[t]he decision of the Third Circuit and the opinion of the Delaware Supreme Court necessarily changed the lens through which the facts of this case must be viewed." (D.I. 349 at 6; *see also* D.I. 351 at 2 ("[T]he Court did not issue its finding[s] in a vacuum."))

Accordingly, the following issues must be resolved as part of these proceedings on remand:

(i) Whether Terex violated its repurchase obligations under the Dealer Statute. The Court's earlier finding of liability was predicated on the interpretation of the Dealer Statute that was reversed by the Third Circuit. (D.I. 267 at 15) (finding Terex liable because it "failed to repurchase all of STP's remaining inventory"). The Court agrees with Terex that "[b]ecause this Court found that the Dealer Statute required the repurchase of *all* inventory, it was not relevant

---

[1] "It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal." *Bankers Trust Co. v. Bethlehem Steel Corp.*, 761 F.2d 943, 949 (3d Cir. 1985) (internal citations omitted). However, when a remand order does not contain specific directions, the district court has discretion with respect to how to proceed. *See id.* at 950 ("In the absence of specific directions, the question as to what further proceedings can be had consistent with the opinion of the appellate court must be determined from the nature of the case and the pertinent statutory provisions."); *see also United States v. Iriarte*, 166 F.2d 800, 803 (1st Cir. 1948) (reviewing trial court's implementation of remand order under abuse of discretion standard and stating, "the trial court has . . . discretion . . . as to the scope of [the proceedings on remand]").

during the summary judgment proceedings that STP [allegedly] refused, despite repeated requests, to identify which pieces of equipment in its inventory were new and which were used," yet this may now be "a key fact" pertinent to liability (if Terex is able to prove it). (D.I. 345 at 6)

(ii) Whether Terex acted inequitably toward STP. In its order granting summary judgment to STP, the Court stated that Terex had "failed to do equity . . . as a result of its violation of the repurchase requirements under the Dealer Statute." (D.I. 267 at 17-18) Because this conclusion relied on a finding that Terex violated the Dealer Statute – an issue that will be revisited – it should be revisited in light of the Third Circuit's reversal.

(iii) The effect, if any, of GE's repossession of the equipment on Terex's obligation to repurchase the equipment. The Court previously determined that Terex's effort to raise this issue (at the pretrial conference) was untimely because it "goes to liability and not to damages." (D.I. 308 at 70) Now that liability is once again in dispute, and not just damages, it is appropriate that the Court consider the impact of the repossession on liability.

The Court emphasizes that the above are issues that "need to be resolved" on remand; they are not yet resolved. To the extent the parties contend that this Court, the Third Circuit, or the Supreme Court made factual findings that are binding on remand, the Court does not agree.[2] While undoubtedly much of the necessary discovery has already been conducted, it will be for

---

[2]This is not to say that no facts were established in the prior proceedings. It may be that a party can demonstrate that another party should be bound, for example, by a particular concession it made, or that a particular finding by this Court was entirely unaffected by the misinterpretation of the Dealer Statute. Resolving disputes of this nature, however, will require a specific focus on specific facts and contentions. The Court rejects the parties' suggestions that the doctrine of law of the case or the purportedly narrow scope of the Third Circuit's reversal mean at a general level that the Court is now bound by all that occurred before.

the parties in the first instance to determine whether (and, if so, what) additional discovery is required in light of the correct interpretation of the Dealer Statute.